UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07699-SVW-AS | Date | May 14, 2025 |
|---|---|---|---|
| Title | *Jerome Cole v. United States of America et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   FINDINGS OF FACT AND CONCLUSIONS OF LAW

## I.   Introduction

The present case is brought by Plaintiff Jerome Cole ("Cole") under the Federal Tort Claims Act against the United States of America, alleging that a Department of Homeland Security vehicle caused a collision that injured him. On May 13, 2025, the Court held a bench trial in this case. The Court, having considered the facts and argument presented at trial, grants judgment for the United States for the following reasons.

## II.   Discussion

The primary witness for the United States regarding liability was the driver of the DHS vehicle in question, Paley Mao ("Mao"). The Court finds Mao's testimony credible. Mao testified to the following facts.

On August 30, 2023, Mao was conducting an operation as part of his duties as a Special Agent which required him to drive from a DHS facility in Paramount, California to a DHS facility in El Segundo, California. Mao was assigned to drive a 2021 Ford Explorer, and he departed from the Paramount, California facility in this vehicle, eventually driving on Interstate 105 (I-105) heading westbound.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07699-SVW-AS | Date | May 14, 2025 |
|---|---|---|---|
| Title | *Jerome Cole v. United States of America et al* | | |

Traffic on I-105 was heavy, stop-and-go traffic. The section of the freeway where the accident occurred has five westbound lanes. Mao testified that he merged onto I-105, entering the #4 lane. He then changed lanes to the #3 lane, driving in that lane for about 5-10 minutes. Mao was traveling about 15 miles per hour.

Knowing that he was going to be driving on I-105 for some time and intending to ultimately end up in the #1 lane, Mao then began to initiate a lane change from the #3 lane to the #2 lane. Mao turned on his left turn signal and over the course of about 5 seconds checked his rearview mirror, driver's side mirror, and over his shoulder. Mao's car was equipped with blind spot indicators, which light up orange when a car is within 20 feet of the rear bumper of the car. The indicator light never turned on during Mao's checks or the lane change. Mao saw a car in the #2 lane about one or two car lengths back; he testified that he could not recall if it was Cole's car (a 2015 Chevrolet City Express). Mao then began to change lanes, during which time Mao and Cole's vehicles collided.

Cole, meanwhile, testified that he was traveling straight entirely within his own lane and that Mao made a lane change without enough room. Cole also testified that he noticed Mao's car when Mao first entered the freeway because Mao was driving aggressively and moved quickly from the #4 lane all the way over to the #2 lane where the accident occurred. Cole testified in his sworn trial declaration that he had not been in any motor vehicle accidents prior to the collision at issue in this case, nor had he been in any motor vehicle accidents since this collision.

On cross-examination, the government introduced Cole's deposition testimony, other motor vehicle accidents, and prior convictions. Cole testified in his deposition that he was traveling at 40 miles per hour at the time of the collision rather than 15. Cole had been in a prior accident on I-105 in 2017 and a subsequent accident on I-105 in 2024; he testified that he did not remember these accidents. Cole had also previously been convicted for money laundering and a federal court found during his supervised release that he submitted a falsified document to that court.

The Court finds Cole's testimony less than credible given the inconsistency in his representation of the car's speed, the glaring difference between his testimony and Mao's testimony about Mao's driving immediately after Mao entered the freeway, and Cole's prior convictions involving dishonesty.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-07699-SVW-AS | Date | May 14, 2025 |
|---|---|---|---|
| Title | *Jerome Cole v. United States of America et al* | | |

The Court also finds it unbelievable that Cole would not remember his prior accidents, given that one occurred just several years before the collision at issue and the other occurred after this collision, only one year ago.

The ultimate cause of the collision is not entirely clear. Many things could have happened to cause the collision; indeed, Mao may have seen Cole moving at a slower speed when Mao made his checks prior to the lane change, and Cole may have then sped up, hitting Mao in the midst of his lane change. Regardless, the facts established fail to make it more likely than not that Mao was at fault for the collision, especially given that Mao's car was ahead of Cole's car and Cole struck the left rear wheel of Mao's car with the right front bumper of his car.

In sum, the Court remains unconvinced that Cole's version of events is more likely true than the version Mao related. Therefore, Cole has failed to carry his burden to establish negligence by Mao.

### III. Conclusion

Cole fails to carry his burden to show by a preponderance of the evidence that the accident was caused by Mao. Therefore, the Court will enter Judgment in favor of the United States.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |